UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
FILED
JUN 15 2018
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 5:18-CR-00034-DCR-REW

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                      **PLEA AGREEMENT**

**CODY T. RITCHEY**                                         DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 2 of the Indictment, charging a violation of 18 U.S.C. § 2261A(2), cyberstalking. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Count 1.

2. The essential elements of Count 2 are:

   a. The Defendant used an electronic communication service or an electronic communication system of interstate commerce to engage in a course of conduct;

   b. The Defendant acted with the intent to injure, harass, or intimidate another person; and

   c. The Defendant's course of conduct caused, attempted to cause, or reasonably would be expected to cause substantial emotional distress to that person.

3. As to Count 2, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

a. On February 17, 2018, in Jessamine County, which is in the Eastern District of Kentucky, the Defendant and Tristan Kelly created a profile on Snapchat, a social media platform that routes electronic communications through computer servers in interstate commerce. The profile that the Defendant created with Kelly appeared to be in the name of D.C., a third individual who did not know at the time about the profile's creation. The Defendant and Kelly obtained a picture of D.C. and used that picture in connection with the profile in order to make the profile appear legitimate.

b. The Defendant and Kelly then used the D.C. profile to create and publish a series of Snapchat posts suggesting that D.C. would attack one or more Jessamine County Public Schools with firearms. The posts included a picture of two assault rifles with the caption "Which one should I use monday Jessamine County?" and a separate picture of D.C. pointing a handgun at the camera with the caption "Jessamine County Schools, be ready Monday." Additional posts included the statements:

   i. "who tryna die Monday? slide up";
   ii. "be ready"; and
   iii. "im getting more than 17 on god," which was a direct reference to the mass shooting that occurred three days earlier at Marjory Stoneman Douglas High School in Parkland, Florida, in which a former student killed seventeen individuals.

The Defendant and Kelly published each of the above-referenced posts to other individuals in Jessamine County, Kentucky.

c. The Defendant and Kelly used the D.C. profile to send a Snapchat friend request to K.S., an individual with whom the Defendant had a prior relationship. Upon K.S.'s acceptance of the friend request, the Defendant and Kelly then used the D.C. profile to send a series of Snapchat direct messages to K.S. Those messages included the statements:

   i. "yall a bunch of bullys";
   ii. "send nudes and ill let you live"; and
   iii. "you're the reason im killin everybody make it stop"

The Defendant understood that these messages were of a nature that would reasonably be expected to cause substantial emotional distress to K.S. Furthermore, the messages did place K.S. in reasonable fear of death or serious bodily injury.

4. The statutory punishment for Count 2 is imprisonment for not more than 5 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

   (a) United States Sentencing Guidelines (U.S.S.G.), November 2016 manual, will determine the Defendant's guidelines range.

   (b) Pursuant to U.S.S.G. § 2A6.2(a), the base offense level is 18.

   (c) The United States will take the position that the offense level should be increased by 2 levels, pursuant to U.S.S.G. § 2A6.2(b)(1)(D), because the offense involved the threatened use of a dangerous weapon. The Defendant reserves the right to object to this enhancement at sentencing.

   (d) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant reserves the right to file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 and a departure motion pursuant to U.S.S.G. §§ 5H1.1 (Age), 5H1.3 (Mental or Emotional Condition), 5K2.13

(Diminished Capacity). Aside from those provisions, the Defendant agrees that he will not file a motion for a decrease in the offense level or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds the advisory sentencing guidelines range as determined by the Court at sentencing. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial

4

Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

10. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

11. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

12. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

13. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

Date: 6/15/18    By: *Katy Smith*
for Andrew T. Boone
Assistant United States Attorney

Date: 6/15/18    *Cody Ritchey*
Cody T. Ritchey
Defendant

Date: 6/15/18    *Mary Ann Leichty*
Mary Ann Leichty
Attorney for Defendant